IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TAIRE NELSON**                                                                                          **PLAINTIFF**

**v.**                                                                      **CIVIL ACTION NO.: 5:14-cv-81-MTP**

**DANNY WHITE, ET AL.**                                                                                **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

THIS MATTER is before the Court on the Expedited Motion For Reconsideration of the Denial of Summary Judgment [62] filed by Defendant Correll Singleton. Having considered the motion and the applicable law, the Court finds that Defendant Correll Singleton's Expedited Motion For Reconsideration [62] should be denied.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities[.]" When an order is issued pursuant to Rule 54(b) a court may grant a party's motion for reconsideration "'for any reason it deems sufficient.'" *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010)). Unlike reconsideration motions brought after final judgment under Rules 59 and 60, reconsideration orders may be granted "even in the absence of new evidence or an intervening change in or clarification of substantive law." *See Saqui*, 595 F.3d at 210-11 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), overruled on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)).

This Court previously denied that portion of Defendant's Motion for Summary Judgment [54] in which he argued he was entitled to qualified immunity. Plaintiff accuses Defendant of using excessive force during the course of his arrest. Specifically, he alleges that Defendant over-utilized his Taser. In the order denying the motion for summary judgment, this Court relied on a video depicting some of the events stating that, "the contents of the video do not blatantly contradict the version of events told by Plaintiff that no reasonable trier of fact could believe his version." [61] at 7. After discussing the objectionable reasonableness of Defendant's actions for purposes of qualified immunity, the Court observed that there were also missing parts of the video, and "that there is a genuine issue of material fact as to whether Defendant Singleton's use of force was excessive or objectively reasonable." *Id.*

Defendant Singleton argues in his motion for reconsideration that it is Plaintiff's burden to show specific facts which would rebut the Defendant's characterization of the record, regardless of what may or may not be contained within the missing portions of the video. In his response [58] to the Defendant's Motion for Summary Judgment the Plaintiff did not merely state that excessive force was used against him. Plaintiff specifically alleged, while citing portions of the video, that Defendant Singleton "used excessive force by dislodging multiple shots from the deployment of his Taser while Plaintiff was already subdued." [58] at 2. Defendant Singleton characterizes this statement as an "unsubstantiated assertion." While some of Plaintiff's allegations may be unsubstantiated, this specific assertion is at least supported by the video.[1] The video plainly shows Defendant deploying the Taser multiple times while Plaintiff was on the ground arguably "subdued." This along with the missing portions of the video creates a fact question for the purpose of addressing qualified immunity.

---

[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (district court's task, in deciding whether there is a "genuine" issue of fact, is to determine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

When considering reasonableness in the context of excessive force for qualified immunity purposes, the Fifth Circuit direct that courts "pay 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight.'" *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)) (internal alterations omitted). While Plaintiff initially fled, the video does not put the situation into context or demonstrate why a Taser was necessary each time it was used against the Plaintiff - who was placed under arrest for the non-violent crime of Uttering Forgery.

Further evidence is needed to decide this issue and to determine the reasonableness of Defendant's actions for purposes of addressing qualified immunity. At this time, there are genuine issues of material fact as to the reasonableness of the Defendant's conduct that preclude a determination of qualified immunity.  "The issue of qualified immunity is a question of law, but in certain circumstances where "there remain disputed issues of material fact relative to immunity, the [fact finder], properly instructed, may decide the question." *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008); *see also Johnson v. Jones*, 515 U.S. 304, 320 (1995).

For the reasons described above the Motion For Reconsideration of the Denial of Summary Judgment [62] is denied.

SO ORDERED this the 6th day of April, 2016.

    s/ Michael T. Parker
    United States Magistrate Judge